**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 02-4031

SEBASTIAN A. PRYOR,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-01-149)

Submitted: May 29, 2002

Decided: June 20, 2002

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Steven D. Goodwin, GOODWIN, SUTTON & DUVALL, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Sebastian A. Pryor was convicted on one count of possession with intent to distribute five grams or more of cocaine base "crack," in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001) (Count One), one count of possession of crack, in violation of 21 U.S.C.A. § 844 (West 1999) (Count Two), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000) (Count Three), and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000) (Counts Four and Five). The court merged Counts One and Two and sentenced Pryor to 151 months in prison on these counts, and a concurrent 120 months on Count Four. The court sentenced Pryor to a consecutive 60 months in prison on Count Three and dismissed Count Five. Pryor timely appealed.

Pryor contends that the district court erred by denying his motion to suppress the evidence seized when he was stopped and ultimately arrested. First, he argues that the traffic stop was pretextual. However, if a traffic stop is objectively justified by a violation of the traffic laws, which Pryor does not dispute in this case, the officer's motive, whether pretextual or not, will not render the stop illegal. *United States v. Hassan El*, 5 F.3d 726, 729-31 (4th Cir. 1993). Moreover, even if the traffic stop had not been objectively reasonable, we find that the police officer had a reasonable, articulable suspicion that Pryor was engaged in criminal activity and was justified in conducting an investigatory stop. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). The officer observed Pryor at night in a high crime area. *Id.* at 124 (fact that stop occurred in high crime area relevant consideration in investigatory stop analysis). Second, the officer observed Pryor sitting in his van speaking to someone outside the van and the two men behaved suspiciously when they saw the policeman, first freezing, and then quickly going their separate ways. *Cf. United States v. Lender*, 985 F.2d 151, 154 (4th Cir. 1993) (evasive behavior relevant consideration in investigatory stop analysis). Pryor behaved bizarrely as he drove away, leaning into the passenger side of his van, taking both hands off the steering wheel, putting one hand toward the

roof of the car, and reaching out the window with the other. Under these circumstances, we find that the officer had a reasonable, articulable suspicion that Pryor was involved in illegal activity.

Pryor argues that the district court erred by denying his motion to suppress because the police officer violated his rights by ordering him to empty his pockets, conducting a pat-down search, and then searching his van. All of these claims are meritless. Even if the officer improperly ordered Pryor to empty his pockets, nothing incriminating was recovered, so any error was harmless. Based on Pryor's suspicious behavior prior to the stop and the fact that he was more nervous than usual for someone stopped for a traffic violation, the officer was justified in conducting a pat-down search. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). When Pryor advised the officer that he was wearing a bullet-proof vest, which in the officer's experience indicated that Pryor was carrying a firearm, we find that the officer was justified in extending his search for weapons to the passenger area of Pryor's van. *Michigan v. Long*, 463 U.S. 1032, 1049 (1983).

Finally, Pryor claims that the evidence was insufficient to support his convictions because there was no evidence that he knew about the drugs or firearms found in his van. We disagree. Pryor was seen at night engaged in activity consistent with drug dealing in an area known for drug trafficking. After spotting the police officer, Pryor acted suspiciously and, when stopped for a traffic violation, appeared excessively nervous. Furthermore, he was wearing a bullet-proof vest and a had large sum of cash on his person. In light of this evidence, we find that the jury reasonably could infer that Pryor knowingly possessed the drugs with intent to distribute them and knowingly possessed the firearms in furtherance of his drug trafficking activities.

For these reasons, we affirm Pryor's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*